IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D. R., <br><br> Petitioner, <br><br> v. <br><br> ICE, <br><br> Respondent. | HON. JOHN MICHAEL VAZQUEZ <br><br> Civil Action <br> No. 19-11690 (JMV) <br><br> **MEMORANDUM OPINION** |

**VAZQUEZ, District Judge:**

Presently pending before the Court is Petitioner's April 8, 2019 habeas corpus petition challenging his prolonged immigration detention pursuant to 28 U.S.C. § 2241 (at ECF No. 1; hereinafter, the "Petition"), as well as and his April 23, 2019 emergency application which likewise requests that the Court order his immediate release from custody. (ECF No. 9.) For the reasons detailed below, his Petition is dismissed without prejudice and the emergent relief he requests is denied.

Petitioner is an immigration detainee who has been held in the Essex County Correctional Facility ("ECCF"), located in Newark, New Jersey, by United States Immigration and Customs Enforcement ("ICE") since June 25, 2018. (*See*, *e.g.*, ECF No. 1.) Over the last several months, he has submitted myriad applications in his earlier-initiated § 2241 habeas matter, *Michael D. R. v. Green*, 2:18-cv-15063 (JMV) (the "First Habeas Matter"), requesting that this Court order his immediate release from ICE custody. The Court, in a series of decisions, has already denied all

such applications.[1] On April 12, 2019, the Court issued its final opinion in the First Habeas Matter. (*See* First Habeas Matter at ECF No. 45.) That decision details the factual and legal considerations supporting denial of all of Petitioner's then-pending applications for emergent relief and dismissal of his habeas petition in the First Habeas Matter. (*See id.*)

On April 8, 2019, Petitioner initiated the present habeas action in the Southern District of New York ("Southern District") via the filing of a separate emergency habeas petition. (ECF No. 1.) On April 23, 2019, Petitioner submitted an additional emergency application for immediate release to the Southern District. (ECF No. 9.) On April 29, 2019, Petitioner's newly-initiated habeas matter was formally transferred to the District of New Jersey. (ECF No. 10.) Petitioner – by way of his current habeas filings – is, yet again, raising the same arguments and claims that the undersigned has considered and rejected on several occasions, including as recently as April 12, 2019.

Under Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules"), applicable to this § 2241 proceeding under Habeas Rule 1(b), this Court is presently required to examine the Petition to determine whether it should be dismissed as plainly unmeritorious. Insomuch as Petitioner's current habeas filings are more appropriately construed as a motion for reconsideration of the Court's April 12, 2019 final opinion and order in the First Habeas Matter, those filings are instead governed by Local Civil Rule 7.1(i). Such a motion is viable due to (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Relief under this

---

[1] A detailed summary of Petitioner's applications and the Court's resulting decisions in the First Habeas Matter is set forth in the Court's April 12, 2019 opinion. (*See* First Habeas Matter at ECF No. 45.)

rule is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

The Court concludes that summary dismissal of the present habeas matter is entirely appropriate under the foregoing standards. Petitioner's present Petition and related application for emergency relief rely on the same legal arguments and claims that the Court, just over three weeks ago, rejected when it denied habeas relief to Petitioner and dismissed the First Habeas Matter. None of the information detailed in Petitioner's current habeas filings suggests to this Court that his circumstances have materially changed since that time such that he is now "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Indeed, Petitioner appears to be seeking habeas relief based on the same claims and same arguments that the Court already considered and rejected. The Court will not countenance Petitioner's present efforts to achieve a different result by reasserting those same, unsuccessful claims in a different forum.

For the foregoing reasons, Petitioner's habeas petition is dismissed without prejudice as plainly unmeritorious at this time. *See* Habeas Rule 4. The emergent relief he seeks therein is likewise denied. An accompanying Order follows.


4/30/19                                               s/ John Michael Vazquez
Date                                                  JOHN MICHAEL VAZQUEZ
                                                      United States District Judge